UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IRON MIKE LANDRUM SR., )
                                        ) Case No. 2:17-cv-01821-JCM-NJK
                Plaintiff(s), )
                                        )
vs. ) ORDER
                                        )
MICHAEL GERARD TYSON, )
                                        )
                Defendant(s). )
_____ )

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.[1]

**I.**    ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. The Court concludes that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. §

---

[1] Plaintiff filed a complaint, Docket No. 1-1, and a motion for preliminary injunction. Docket No. 2. The Court construes the motion for preliminary injunction as an amended complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any other document in order to make the amended complaint complete. Because Plaintiff is *pro se* and for the purposes of this order only, the Court will nonetheless reference the complaint filed in Docket No. 1-1 and the amended complaint filed in Docket No. 2. However, Plaintiff is advised that he must comply with the requirements for an amended complaint, as set forth in section III below.

1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.     Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

1. Grounds for the Court's Jurisdiction

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Plaintiff states he is bringing a claim for trademark infringement but does not identify a federal cause of action, or otherwise raise a federal question.[2] Docket No. 2 at 2, 4 (identifying claims for trademark infringement). The *pro se* complaint form Plaintiff has submitted requires a plaintiff to "list the specific federal statutes, federal treaties, and/or provisions of the

---

[2] While the Court also has jurisdiction over civil cases in which there is diversity among the parties, Plaintiff does not claim diversity jurisdiction. *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). To establish diversity, the plaintiff must be a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Plaintiff, a citizen of Nevada, alleges that Defendant is a citizen of Nevada. Docket No. 1-1 at 2.

1 United States Constitution that are at issue" in the case to establish jurisdiction. Docket Nos. 1-1
at 3, 2 at 3. Plaintiff provides a state certificate of registration for his trademark that he alleges
Defendant violated, but fails to provide a basis for federal jurisdiction over the violation of a state
registered trademark. *See* Docket Nos. 1-1, 1-2 at 2.[3]

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 6, 2017**, to file an amended complaint, if he believes the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., any prior complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

//
//

---

[3] Although Plaintiff included a statement of his claims, because Plaintiff has not provided grounds for the Court's jurisdiction, the Court has not determined if the complaint states a claim that satisfies Fed. R. Civ. P. 8. Plaintiff must ensure that his amended complaint satisfies the standards for a statement of claims as set in section II of this order.

- 4 -

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: October 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge