UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRON MIKE LANDRUM SR.,<br><br>    Plaintiff(s),<br><br>v.<br><br>MICHAEL GERARD TYSON,<br><br>    Defendant(s). | Case No.: 2:17-cv-01821-JCM-NJK<br><br>**Report and Recommendation**<br><br>(Docket No. 15) |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On October 5, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*, and screened his complaint pursuant to 28 U.S.C. § 1915. Docket No. 5. The Court identified deficiencies in Plaintiff's complaint, and therefore dismissed his complaint with leave to amend to provide him an opportunity to cure those defects. *Id.* The Court further granted Plaintiff's two motions to extend time to file an amended complaint. Docket Nos. 11, 12, 13, 14. Plaintiff has now filed an amended complaint. Docket No. 15. For the reasons discussed below, the undersigned **RECOMMENDS** that this case be dismissed.

**I.  BACKGROUND**

Plaintiff's amended complaint alleges state trademark infringement, common-law trademark infringement, trademark dilution, unfair competition, and violation of Plaintiff's right of publicity. *Id.* at 3. Plaintiff submits that he is the registered owner of the trademark "Iron Mike"

1

and "Iron Mike Promotions." *Id.* at 2-3, 16, 18-19. Plaintiff further submits that Defendant "stole the plaintiff's ring name IRON MIKE and … stole the plaintiff's business name Iron Mike Promotions…" by selling various apparel, food and drink products, and other items baring the name "Iron Mike" without Plaintiff's consent and after Plaintiff submits he provided Defendant notice through a cease and desist letter. *Id.* at 3-4, 8. Lastly, Plaintiff submits that Defendant fraudulently affirmed on his trademark application with the United States Patent and Trademark Office ("USPTO") that he was unaware of anyone else holding rights to "Iron Mike Productions." *Id.* at 9. Plaintiff submits that Defendant was made aware of Plaintiff's right to the mark in a related lawsuit between the parties in the Los Angeles Superior Court in 1996. *Id.*

**II.  DISCUSSION**

    A.  Alleged Fraud on USPTO Application

As a preliminary matter, Plaintiff submits that Defendant lied on his USPTO trademark application when asked to affirm that he "believes that to the best of [his] knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."[1] *Id.* Plaintiff submits that Defendant committed fraud, and therefore violated 18 U.S.C. § 1001 and 15 U.S.C. § 105(b), because Defendant was aware of Plaintiff's right to use the mark "Iron Mike" as a result of a related lawsuit between the parties in the Los Angeles Superior Court in 1996. *Id.*

18 U.S.C. § 1001 prohibits false statements or representations to the United States government. The statute, however, does not provide for a private right of action. *Navarro v. United States*, 2017 U.S. Dist. LEXIS 72064, *8 n. 2 (D. Nev. Apr. 19, 2017) (internal citations

---

[1] The Court takes judicial notice of Defendant's USPTO trademark application materials because such documents are public records "capable of accurate and ready determination by resort to sources whose accuracy cannot be questions." *Seoul Laser Dieboard Sys. Co. v. Serviform, S.R.L.*, 957 F. Supp. 2d 1189, 1194 n. 2 (S.D. Cal. 2013) (internal citation omitted); *see also Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, 2018 U.S. Dist. LEXIS 54346, at *30 n. 20 (D. Nev. Mar. 30, 2018) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010)). Defendant filed his application, serial number 86682625, for the mark "Iron Mike Productions," on July 2, 2015, claiming a first use of August 23, 2013. The application was approved and a certificate of registration, number 5,015,887, was issued to Defendant on August 9, 2016.

omitted). Moreover, 15 U.S.C. § 105(b) was repealed on July 5, 1946. The Court therefore finds that Plaintiff fails to state a claim upon which relief can be granted as to this claim.

B. Alleged Infringement of "Iron Mike Promotions"

Plaintiff submits that Defendant knowingly infringed on his registered trademark, "Iron Mike Promotions." *See generally* Docket No. 15. Plaintiff provides as an exhibit a certificate of registration with the State of Nevada for the mark "Iron Mike Promotions," which indicates a date of first use in Nevada of March 23, 2017, and a registration date of March 31, 2017. *Id.* at 16. Defendant filed his trademark application with the USPTO on July 2, 2015, which was approved and registered on August 9, 2016. Both dates on Defendant's trademark application precede Plaintiff's first use and registration date.[2] Therefore, on the face of the complaint, the certificate of registration with the State of Nevada for the mark "Iron Mike Promotions" fails to show that Plaintiff is the senior owner of the trademark at issue.[3] The Court therefore finds that Plaintiff fails to state a claim upon which relief can be granted as to this claim.

C. Alleged Infringement of "Iron Mike"

Plaintiff further submits that Defendant knowingly infringed on his registered trademark, "Iron Mike." *See generally* Docket No. 15. Plaintiff provides as an exhibit a certificate of registration with the State of California for the mark "Iron Mike," which indicates a date of first use in California of November 10, 1983, and a registration date of April 14, 2016. *Id.* at 18. Plaintiff provides as an additional exhibit an initial certificate of registration with the State of California for the mark "Iron Mike," which indicates a registration date of April 22, 2010, and an

---

[2] Plaintiff also includes as an exhibit a certificate of business for a fictitious firm name. Docket No. 15 at 17. This document does not support an allegation of trademark infringement because it is dated June 23, 2017, which postdates Defendant's date of first use and registration date. *Cf.* 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 22:1 (5th ed.) (noting that such documents, when held by the junior user, are "entitled to little, if any, weight," as "the state corporation authorities have no power to immunize infringement of a trademark or trade name," and because it is the date of prior use that governs, not the date of incorporation).

[3] Although trademark rights are acquired by use and not necessarily by registration, Plaintiff's date of first use within the State of Nevada postdates Defendant's date of first use. *See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996); Docket No. 15 at 16. Moreover, federal trademark law pursuant to the Lanham Act limits state registration "to the exact territory of continuous preregistration usage." 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 22:2 (5th ed.).

expiration date of April 22, 2015. *Id.* at 20.  These exhibits indicate a gap of approximately one year from April 22, 2015 to April 14, 2016, during which Plaintiff did not hold a state registration of the mark "Iron Mike."  Defendant filed his trademark application with the USPTO on July 2, 2015, during this one-year gap.  Therefore, on the face of the complaint, the certificates of registration with the State of California for the mark "Iron Mike" fail to show that Plaintiff retained state trademark ownership during the time Defendant filed his trademark application with the USPTO.[4]  The Court therefore finds that Plaintiff fails to state a claim upon which relief can be granted as to this claim.

Moreover, Plaintiff's certificate of registration for the mark "Iron Mike" was issued by the State of California.  *Id.* at 18-19.  Although Plaintiff submits that Defendant has sold various apparel, food and drink products, and other items bearing the name "Iron Mike" through online retailers such as Amazon.com, he fails to state why and how this Court is the proper venue to adjudicate his claims alleging infringement of a trademark registered in the State of California.  *Id.* at 3, 5, 12-15.

### III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: May 24, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] A state trademark registration dated prior to a federally registered trademark is limited to the geographic locality within which the trademark has been used.  6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 22:2 (5th ed.).  This relationship between a state registered trademark and a federally registered trademark is further clarified by the understanding that "state registrations in most states have little legal significance other than serving as proof that on a certain date the registrant filed a claim that it was using a certain mark." *Id.* at § 22:1.  In order to invoke common law protection, not only must an individual alleging infringement indicate prior use in a specific area, but also continued use in that area.  *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 958 (C.D. Cal. June 29, 2012).  Plaintiff fails to provide this information.

4

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).